

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JAMES M. LLOYD III, 96603-071,<br>Petitioner,<br><br>vs.<br><br>J. HUTCHINSON, *Warden*,<br>Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 0:20-963-MGL-PJG<br>§<br>§<br>§ |

## ORDER TRANSFERRING THIS CASE TO
## THE EASTERN DISTRICT OF NORTH CAROLINA

### I.  INTRODUCTION

Petitioner James M. Lloyd III (Lloyd) filed this 28 U.S.C. § 2241 petition against Respondent J. Hutchinson (the Warden of F.C.I. Edgefield).  He is self represented.

### II.  FACTUAL AND PROCEDURAL HISTORY

When Lloyd filed his Section 2241 petition, he was incarcerated at F.C.I.–Edgefield, which is located in Edgefield, South Carolina.  As such, F.C.I.-Edgefield, as well as the Warden of F.C.I. Edgefield, are within this Court's jurisdiction.

Lloyd, however, has been moved from F.C.I.–Edgefield and is now at R.R.M. Raleigh, which is located in Butner, North Carolina.  *See* https://www.bop.gov/inmateloc/ (last visited February 17, 2021).  R.R.M. Raleigh and its warden are within the jurisdiction of the United

States District Court for the Eastern District of North Carolina (the E.D.N.C.). *See* 28 U.S. Code § 113(a).

## III. DISCUSSION AND ANALYSIS

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.

"The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id.* at 495 (citation omitted) (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445.

2

From this law and these facts, we know the following: the Court has jurisdiction over Lloyd's Section 2241 habeas petition only if it has jurisdiction over his current custodian. But, it does not.

Lloyd's current custodian is the warden of R.R.M. Raleigh. S/he is located, not within this Court's jurisdiction, but instead within that of the E.D.N.C.. Accordingly, Lloyd's custodian's absence from the territorial jurisdiction of this Court is fatal to its jurisdiction to consider the merits of his petition.

Besides, even if somehow this Court were to assess the petition and then grant the relief Lloyd seeks, the Warden of F.C.I. Edgefield lacks the ability to fulfill an order by this Court granting the petition. This is so because Lloyd is no longer in the Warden of F.C.I. Edgefield's custody. That is why Lloyd's Section 2241 petition must be transferred: so it can be presented to R.R.M. Raleigh's warden, Lloyd's immediate custodian, who is within the jurisdiction of the E.D.N.C..

The Court notes, if it were to consider the merits of Lloyd's petition, it would likely dismiss it.

### IV. CONCLUSION

Consequently, it is the judgment of the Court this case is **TRANSFERRED** to the E.D.N.C. for further proceedings, and any pending motions are **DEEMED AS MOOT**.

To the extent Lloyd requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 17th day of February, 2020, in Columbia, South Carolina.

                                        /s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.